# UNITED STATES COURT Of APPEALS
# FOR THE SIXTH CIRCUIT
# CINCINATI, OHIO

## CASE NO. 24-1086
Related Case: No. 23-1134

**RECEIVED**
02/05/2024
KELLY L. STEPHENS, Clerk

Owen W. Barnaby,

Plaintiff- Appellant

Vs.

Michigan State Government et al

Defendants- Appellees

On Appeal from the United States District Court, From the Western District of Michigan, the Honorable Robert J. Jonker; No. 1:22 -CV- 1146

## EMERGENCY MOTION WITH SUPPORTING BRIEF FOR PLAINTIFF-APPELLANT/ OWEN W. BARNABY

PLAINTIFF-APPELLANT
Owen Barnaby, In Pro Se
PO Box 1926
Kennesaw, GA 30156

1

**EXPEDITED CONSIDERATION REQUESTED**

**EMERGENCY MOTION: TO STAY ORDERS (ECF Nos. 91, 127, 131), ON PENDING APPEAL, UNTIL 28 DAYS AFTER INTERLOCUTORY APPEAL DETERMINATION, WHICH REQUIRE DEFENDANTS TO BE RE-SERVE BY February 10, 2024, ALTHOUGH THEY WERE ALREADY PROPERLY SERVED WITH SUMMONSES AND COPIES OF COMPLAINT, AND PROCEEDINGS DOCUMENTS; AND TO STAY ORDERS (ECF Nos. 91, 127) ON PENDING APPEAL, UNTIL 28 DAYS AFTER INTERLOCUTORY APPEAL DETERMINATION TO ANSWER TO DEFENDANTS' MOTIONS TO DISMISS COMPLAINT(ECF Nos.10, 36); AND TO SHORTEN APPEAL BRIEFING SCHEDULE.**

Plaintiff, In Pro Se, Owen W. Barnaby, with his request of, 'Emergency Motion: To Stay Orders (ECF Nos. 91, 127, 131), on pending Appeal, until 28 days after Interlocutory Appeal Determination, Which Requires Defendants to be Re-Issue Proper Service of Process by February 10, 2024, Although They were Already Properly, Summonses with Copies of Compliant-(ECF Nos.10, 36) and with all Documents filed in both the District Court and this Sixth Circuit Court's Appellate proceedings; whom, Plaintiff warrants Default and Default Judgment Against, and to Stay Answer to Defendants' Motions to Dismiss Complaint (ECF No.36); and to shorten Appeal's Briefing scheduling.

Furthermore, Plaintiff is requesting an expedited consideration under FRAP 8 (a)(1)(2), given, the District Court Orders (ECF Nos. 91, 96, 127), to dismiss Appellant Complaint-(ECF Nos. 10, 36), which will prejudice Appellant violated his rights and further this Sixth Circuit Court's Order and Judgment-(ECF Nos. 72,

73). One of the District Court's Orders-(ECF Nos. 91, 127, 131) Denied Appellant's Motion to extend to respond and re-serve and while other states, "….Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice. ECF No. 91, PageID.1124."; that expires on February 10, 2024.

    The request is based on the Brief in Support filed with the requested facts and legal authorities and arguments contained in the Supporting Brief.

Respectfully Submitted,

_____
Owen W. Barnaby, In Pro Se

Dated February 5, 2024

## APPELLANT'S BRIEF IN SUPPORT OF,

## EXPEDITED CONSIDERATION REQUESTED

**EMERGENCY MOTION: TO STAY ORDERS (ECF Nos. 91, 127, 131), ON PENDING APPEAL, UNTIL 28 DAYS AFTER INTERLOCUTORY APPEAL DETERMINATION, WHICH REQUIRE DEFENDANTS TO BE RE-SERVE BY February 10, 2024, ALTHOUGH THEY WERE ALREADY PROPERLY SERVED WITH SUMMONSES AND COPIES OF COMPLAINT, AND PROCEEDINGS DOCUMENTS; …. AND TO STAY ORDERS (ECF Nos. 91, 127) ON PENDING APPEAL, UNTIL 28 DAYS AFTER INTERLOCUTORY APPEAL DETERMINATION TO ANSWER TO DEFENDANTS' MOTIONS TO DISMISS COMPLAINT(ECF Nos.10, 36); …. AND TO SHORTEN APPEAL BRIEFING SCHEDULE**

---

**First,** on November 17,2023, this Sixth Circuit Appellate Court entered Order and Judgment (ECF Nos. 72, 73), that is binding on the District Court, which were violated by District Court's Orders(ECF Nos. 91, 96, 127 and 131), now on appeal before this Sixth Circuit Appellate Court. States as follows,

> "We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." **"…VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.". Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023, Page: 6).

**Second,** on December 27, 2023, the Magistrate Judge Berens, on ORDER(ECF No. 91), following remand from the Sixth Circuit Appellate Court's Order and Final Judgment(ECF Nos. 72, 73), Ordered as follows:

"**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 37) is GRANTED. The Clerk shall docket Plaintiff's proposed Third Amended Complaint (ECF No. 36). Defendants who have appeared in this action shall have **28** days from the date of this Order to respond to the Third Amended Complaint."

"**IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Default Judgment (ECF Nos. 28, 31, 75, 77, and 81) are DENIED. Plaintiff shall have **45** days from the date of this Order to effect proper service on the unserved Defendants. Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice."

"IT IS FURTHER ORDERED that Defendant City of Benton Harbor's Motion to Extend Time (ECF No. 85), seeking 28 days to respond to the Third Amended Complaint, is **GRANTED.**"

Plaintiff, appeals (ECF Nos. 94, 100, 109), accordingly, that, "should the United States District Court Judge, the Hon. Robert J. Jonker affirm Magistrate Judge's Orders, please, fast track same for an Interlocutory Leave to Appeal to Federal Sixth Circuit Appellate Court." Both the State of Michigan Defendants and the City of Benton Harbor Defendant filed Dismissal Motions (ECF Nos. 116, 121) and the Niles Township Defendants filed answer (ECF No. 120).

The crux of Plaintiff's dispositive Appeal is that, Plaintiff properly served all Defendants under State Rules MCR 2.105: (A)(1)(2); (G)(1); (I)(1); (K)(3) and Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B); (e(1)(2)(B)(C); (j)(2)(A)(B) and pursuant to "District Court's Local Rules Service Handbook", ECF No. 49, PageID.311); (ECF No. 49-1, PageID.320): "2. By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery

and return receipt. A "green card" (PS Form 3811).  The Order, (ECF No. 91) must be reversed in part, as District Court must be "consistent" with Sixth Circuit's Order, by Ordering the Clerk to enter Default and enter Default Judgment per Rule 55:(a),(b)(1)or (2), in his affidavit, Twenty Two Million, Five Hundred Twenty Nine Thousand, Three Hundred and Twenty Nine Dollars and Sixty Cents, $22, 529,329.60, as Defendants:

**First,** Neither, the Holmstrom Defendants nor the Berrien County Defendants File Answers to Plaintiff's 'Second and Third Amended Complaint (ECF Nos,10, 36) or a Rule 12 Motion, that triggered Default and Default Judgment against them.

**Second,** the City of Benton Harbor Defendant did not file an Answers to Plaintiff's 'Second Amended Complaint (ECF No,10) or a Rule 12 Motion. Plaintiff contends, that, the Magistrate Judge's findings below is moot, and this District Court will reverse it, that,

"The Court granted the requested extension on January 4, 2023. (ECF No. 35.) Because the Court ultimately overruled Plaintiff's objections, adopted the December 14, 2022 Report and Recommendation, and entered judgment for Defendants, the City was never required to answer Plaintiff's second amended complaint. Thus, at least at this juncture, there is no basis for entry of default." (ECF No. 91, PageID.1120).

Plaintiff contends, because the District Court's Order and Final Judgment(ECF Nos,67, 68) were reversed by the Sixth Circuit Order and Judgment(ECF Nos,72, 73), it is the Sixth Circuit Order and Judgment that is

6

controlling, and triggered Default and Default Judgment that is against City of Benten Harbor.

**Third,** while the Niles Township Defendants filed answer to Plaintiff's Second and Third, Amended Complaint (ECF Nos.10, 36). The Magistrate Judge violated Plaintiff's due process rights, and violated her own Order, Granting Plaintiff fourteen days, after Defendants cure their Motion defect for extended time to respond to Plaintiff's Second Amended Complaint (ECF No.10). As soon as the Niles Township Defendants cured their Motion defect on January 03, 2023, the Magistrate Judge Granted it in violation of Plaintiff's due process rights and violated her own Order giving Plaintiff Fourteen days to file his objection(ECF Nos.23, 25, 26, 27, 30). Moreover, Plaintiff's timely objection (ECF No. 30), was filed after the Magistrate Judge Orders(ECF Nos. 25, 27), granted Defendants' Motion(ECF No 23) and was before Sixth Circuit Appellate Court unopposed. As such, Plaintiff contends, that triggered Default and Default Judgment against them and warrants Default and Default Judgment (ECF Nos 28, 32 and 75, 77, 81, 95, 124) against the Niles Township Defendants.

**Fourth**, the State of Michigan, Defendants abandoned or forfeited Appealing the District Court's Final Judgment (ECF Nos. 56, 62, 67, 68), Ordering that their Rule 12 Motion is moot.  Plaintiff contends,  State of Michigan Defendants' Rule 12 Motion(ECF No.18), that the District Court Order is Moot

with Final Judgment (ECF Nos.67, 68), which they did not appeal, must be consider as if they had never filed the Rule 12 Motion in this proceeding. <u>Because Defendants' MOOT Rule 12 Motion (ECF No.18), cannot stop the entrance of his Default and Default Judgment against them.</u> Furthermore, they argued in Appellate Court, that, "An appellant abandons all issues not raised and argued in its initial brief on appeal." Moreover, it is their failing to appeal their Moot Rule 12 Motion. See more in the record, it is a part of their full Appellate arguments they used against Plaintiff in the Sixth Circuit Court, Plaintiff contends it must be applied to them now, that they have abandoned, waived forfeit all rights. Plaintiff contends that triggered Default and Default Judgment against them. As such, the District Court must be "consistent" with Sixth Circuit's Order (ECF No. 72), by permitting Clerk to enter Default(ECF Nos 32, 75, 95, 124) and Clerk or Court Default Judgment (ECF Nos 28, 77, 81) per Fed. R. Civ. P. 55 (a), (b)(1) (2) against them. And, other controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case); (The law of the case doctrine); Res Judicata and Collateral Estoppel; Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**FRAP 8    Stay or Injunction Pending Appeal**
 (a) **Motion for Stay.**

1. Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:
   a. a stay of the judgment or order of a district court pending appeal;
   b. approval of a bond or other security provided to obtain a stay of judgment; or
   c. an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

2. Motion in the Court of Appeals; Conditions on Relief. A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.

(A) The motion must:
  (i) show that moving first in the district court would be impracticable; or
  (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.

(B) The motion must also include:
  (i) the reasons for granting the relief requested and the facts relied on;
  (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and
  (iii) relevant parts of the record.

(C) The moving party must give reasonable notice of the motion to all parties.

D) A motion under this Rule 8(a)(2) must be filed with the circuit clerk and normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge.

9

## ARGUMENTS

**I. EMERGENCY MOTION TO STAY ORDERS (ECF Nos. 91, 127), ON PENDING APPEAL, UNTIL 28 DAYS AFTER INTERLOCUTORY APPEAL DETERMINATION, WHICH REQUIRE DEFENDANTS TO BE RE-SERVE BY February 10, 2024, ALTHOUGH THEY WERE ALREADY PROPERLY SERVED WITH SUMMONSES AND COPIES OF COMPLAINT, AND PROCEEDINGS DOCUMENTS.**

On January 31, 2024, Appellant filed his Emergency Motion to Stay or For Extension of Time, to Re-Issue Proper Service of Process on Defendants that were already properly served by Plaintiff Summonses and with Copies of Complaint-(ECF Nos. 10, 36), and with all documents filed in both District Court and Sixth Circuit's proceedings, until 28 days after this Sixth Circuit Appellate Court's interlocutory Appeal determination, if still require. (ECF No. 126, PageID.1644). Following this Sixth Circuit Appellate Court's interlocutory Appeal, docketing as case **number 24-1086,** the District Court docketed (ECF No. 130). The District Court **Denied** Appellant's, ''Emergency Motion-(ECF Nos. 126, 131), to Stay Orders (ECF Nos. 91, 127), on appeal until 28 days after this pending Appeal is determined, to Re-Issue Proper Service of Process on Defendants who were already properly served, summonses and copies of Compliant-(ECF Nos. 10, 36). The District Court's **DENIAL,** states,

> Last, Plaintiff's request that the Court extend the time for him to serve the unserved Defendants (Berrien County Defendants and Holmstrom Defendants) to 28 days after the Sixth Circuit decides his interlocutory appeal is **DENIED**. (ECF No. 131, PageID.1679).

Appellant's Emergency Motion before District Court to Stay or For Extension of Time, to Re-Issue Proper Service of Process on Defendants who were already properly with Summonses with Copies of Complaint-(ECF Nos. 10, 36), and with all documents filed in both District Court and Sixth Circuit's proceedings:

> "The Honorable Magistrate Judge Hon Berens' Orders (ECF No. 91) also states. "Plaintiff shall have **45** days from the date of this Order to effect proper service on the unserved Defendants. Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice." Some of these Defendants are: 1), Defendant - Lori D. Jarvis Registrar; 2), Defendant - Lora L. Freehling Registrar; 3), Defendant - Kathleen Culberson, Notary Public; 4), Defendant – Bret Witskowski, Treasurer; 5), Defendant – Shelly Weich, Treasurer; 6), Defendant – Board of Commissioner; 7), Defendant – Attorney Mckinley R. Elliott; 8), Defendant – Attorney Donna B. Howard; 9), Defendant – Attorney James Mcgovern; 10), Defendant – Berrien County Government; 11), Defendant – Bret Witskowski, in his Individual capacity and 1), Defendant – Attorney Jefferey R. Holmstrom and 2), Defendant – Holmdtrom Law Office. Plaintiff contends that, because the Honorable Magistrate Judge Hon Berens' Orders (ECF No. 91), and that his posture on the appeal is, "should the United States District Court Judge, the Hon. Robert J. Jonker affirm Magistrate Judge's Orders, please, fast track same for an Interlocutory Leave to Appeal to Federal Sixth Circuit Appellate Court.". <u>Plaintiff request that the Court extends the time for him to process serve these same Berrien County Defendants and the Holmstrom Defendants 28 days after Sixth Circuit Appellate Court's decision on the Interlocutory Appeal in Federal Sixth Circuit Appellate Court." (ECF No. 126, PageID.1649, 1650).</u>

Plaintiff's Appeal SUMMARY of the ARGUMENT in the United States District Court, before the Hon. Robert J. Jonker, which is now before this Sixth Circuit Appellate Court on Interlocutory Appeal, will re-argue, (ECF No. 109, PageID.1362). " The record shows that, Plaintiff properly served all Defendants under State Rules MCR 2.105: (A)(1)(2); (G)(1); (I)(1); (K)(3) and Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B); (e(1)(2)(B)(C); (j)(2)(A)(B) and pursuant to "District Court's Local Rules Service Handbook", ECF No. 49, PageID.311);

11

(ECF No. 49-1, PageID.320): **"2.** By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery and return receipt. A "green card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service. The "green card" or a copy, must be filed with the Court." (MIED Service Handbook (9/2020) Page | 3). And, none of the Defendants had opposed or objected to the Plaintiff's filed, PROOF OF SERVICE OF SUMMONS AND COMPLAINT (ECF No. 29, PagesID.104-112)." (ECF No. 109, PageID.1362).

"The Order, (ECF No. 91) must be reversed in part, as District Court must be "consistent" with Sixth Circuit's Order, by Ordering the Clerk to enter Default and enter Default Judgment per Rule 55:(a),(b)(1)or (2), in his affidavit, Twenty Two Million, Five Hundred Twenty Nine Thousand, Three Hundred and Twenty Nine Dollars and Sixty Cents, **$22, 529,329.60.** "   (ECF No. 109, PageID.1362).

Appellant contends, this Honorable Sixth Circuit Appellate Court, pursuant to FRAP 8 (a)(1) or (2), should Grant him STAY, of the District Court's Orders (ECF Nos. 91, 127, and 131), for him to Re-serve these already properly Served Defendants which is at, the crux of Plaintiff's Emergency Interlocutory Appeal. Moreover, the District Court Order (ECF No. 131) also Denied Plaintiff Emergency Motion (ECF No. 126), until 28 Days after this Honorable Sixth Circuit Appellate Court Emergency Interlocutory Appeal to Reserve Defendants Summonses with Copies of Third Amended Complaint(ECF No. 36) if still

required. Again, the Orders on Appeal state that "…. Failure to effect service within that time without a showing of good cause shall result in dismissal[1] of such Defendants without prejudice." ECF No. 91, PageID.1124. The District Court Order is triggered to dismiss Plaintiff's Complaint-(ECF Nos. 10, 36,) after February 10, 2024, against same Defendants who are already properly served, with Service of Process Summonses and with copies of Complaint-(ECF Nos. 10, 36,); even while this Emergency Interlocutory Appeal is still pending. The same Orders-(ECF Nos. 91, 96, 127) on appeal that violated this this Sixth Circuit Court's November 17, 2023, Order and Judgment-(ECF Nos. 72, 73,) will dismiss the complaint and moot the Sixth Circuit Court's Order if a Stay is not granted.

> "We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." "…**VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.". Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023, Page: 6).

---

[1] This Your Honorable Sixth Circuit Appellate Court [must] Grant Plaintiff [STAY], given that the District Court Order (ECF No. 131) **Denying** Plaintiff Emergency Motion (ECF No. 126), to give him until 28 Days after this Honorable Sixth Circuit Appellate Court Emergency Interlocutory Appeal determination if Re-Issuing of Proper Service of Process to Defendants Summonses with Copies of Third Amended Complaint(ECF No. 36), is warranted. The District Court incorrect and bias Orders (ECF No. 91, 127, 131), will be triggered after February 10, 2024, and dismiss Plaintiff's proper Service of Process Complaint (ECF No. 10, 36) on same Defendants, that, Plaintiff warrant Default and Dafault Judgement against, (ECF No. 28, 31, 32, 75, 77, 81, 88, 95, and 124); because they forfeited to file answer to Plaintiff's Complaint (ECF No. 10, 36) or valid Rule 12 Motion or filed answer in violation of Plaintiff's due process.

Pursuant to FRAP 8 (a)(1) or (2), or other applicable laws, if this Sixth Circuit Court does not Grant this Motion to Stay the District Court Orders to Re-Issue Proper Service of Process on Defendants on or before February 10, 2024, who were already properly served, summonses and copies of Compliant-(ECF Nos. 10, 36,) and with every documents filed in both the District Court and the Sixth Circuit Appellate Court-(Case: 23-1134) proceedings. The District Court will dismiss the case against these same willfully Defaulted Defendants, **in prejudice to Plaintiff and violations of his rights** and **violations** of this Sixth Circuit Court's November 17, 2023, Order and Judgment-(ECF Nos. 72, 73).

Lastly, as the Court's record shows, master minds, Defendants Berrien County and Defendants Holmstrom, knowingly, and willful wanton misconducts of forgery, fraud and thievery have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. And because Plaintiff's properties were his employment that, Defendants stole by forgery and fraud; Appellant does not have the money at this time to effect re issue-proper Service of Process, on same properly served Defaulted Defendants, before the February 10, 2024, incorrect and bias Orders(ECF No.91,127) deadline, tigers to dismiss Plaintiff Complaint(ECF No.10,36). (ECF No. 100, PageID.1225).

## II. EMERGENCY MOTION TO STAY ORDERS (ECF Nos. 91, 127) ON PENDING APPEAL, UNTIL 28 DAYS AFTER INTERLOCUTORY APPEAL DETERMINATION TO ANSWER TO DEFENDANTS' MOTIONS TO DISMISS COMPLAINT(ECF Nos.10, 36).

The District Court's (ECF No. 131) also **Denied** Appellant's Motion(ECF No. 126) until 28 days after Sixth Circuit Appellate Court's decision on the Interlocutory Appeal to answer Defendants' Motion to Dismiss Complaint. The Court, "First, the request to delay Plaintiff's time to respond to the pending motions to dismiss until 28 days after the Sixth Circuit decides Plaintiff's recently-filed interlocutory appeal is **DENIED**." (ECF No. 131, PageID.1678). On January 24, 2024, both the State of Michigan Defendants and the City of Benton Harbor Defendant filed Dismissal Motions (ECF Nos. 116, 121) to Plaintiff's Third Amended Complaint (ECF No. 36). As a matter of law Plaintiff is required to respond within 28 days to Defendants Dismissal Motions to Plaintiff's Third Amended Complaint (ECF No. 36). However, because Plaintiff is appealing the District Court's Orders (ECF Nos. 91, 96, 127); if successful responding would not be required as the Appealing issues are controlling and dispositive. Pursuant to FRAP 8 (a)(1) or (2), Appellant request a STAY to respond to both the State of Michigan Defendants and the City of Benton Harbor Defendant filed Dismissal Motions (ECF Nos. 116, 121) until 28 days after this Your Honorable Sixth Circuit Appellate Court's determination on the pending Interlocutory Appeal, if responses are still required.

15

### III.  EMERGENCY MOTION TO SHORTEN EMERGENCY INTERLOCUTORY BRIEFING SCHEDULING

Appellant requests his Emergency Interlocutory Appeal, Briefing Scheduling to be shortened. Appellant is on schedule to submit his Brief on February 12, 2024. As such, Appellant request **only 7 days** from February 5, 2024, to submit his first Emergency Interlocutory Appeal Brief **and 7 days** after Appellees' submissions of their Brief to respond to their submitted Brief.

### Request

For the reasons articulated therein, Plaintiff humbly and respectfully requests that his Motion be Granted pursuant to FRAP 8 (a)(1)or (2) or other applicable laws, as follows: **1).** To Stay Orders (ECF Nos. 91, 127 and 131), on pending Appeal to Re-Issue Proper Service of Process on Defendants on February 10, 2024, who were already properly served, summonses and copies of Compliant, and are properly Defaulted, until 28 days after Court's dispositive Interlocutory Appeal determination if the Re-Issuing of Proper Service of Process is warranted. **2).** To Stay Answer to Defendants' Motions to Dismiss Complaint (ECF No.36, 116 and 121), until 28 days after this Court determination of this Appeal. **3).** To shorten his Emergency Interlocutory Appeal, Briefing Scheduling.

Respectfully Submitted,

_____
Owen W. Barnaby, In Pro Se

Dated February 5, 2024

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(A)**

I hereby certify that, the foregoing Brief of Appellant, Owen W. Barnaby, complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) 32 because this brief contains 3,651 words, excluding the parts of the brief exempt by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rules of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally space typeface using Microsoft Word processing software in 14 point Times New Roman.

Respectfully Submitted,

_____
Owen W. Barnaby, In Pro Se

Dated February 5, 2024

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
|     Plaintiff- Appellant | ) |
|     Vs. | ) Hon. Robert J. Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
|     Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

## CERTIFICATE OF SERVICE

The undersigned states that on the 5th day of February 2024, a duplicate original of Plaintiff's, ''Emergency Motion with his Supporting Brief'', was filed with the Clerk of the Court, using, In Pro Se email/ ECF System, which will provide electric notice to the parties of record, and I have email and or mailed by U.S. Postal Service the same to non-ECP participants Defendants, listed above.

Respectfully Submitted,

_____
Owen W. Barnaby, In Pro Se

Dated February 5, 2024