IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| OWEN W. BARNABY,<br>　　　Plaintiff-Appellant,<br><br>　　　v.<br><br>MICHIGAN STATE GOVERNMENT, et al.,<br>　　　Defendants-Appellees. | Case No. 24-1086 |

### BERRIEN COUNTY'S RESPONSE TO
### APPELLANT'S MOTION FOR STAY
### AND CROSS-MOTION TO DISMISS APPEAL

Appellee Berrien County opposes Appellant Owen Barnaby's motion for a stay of district court proceedings, and affirmatively moves to dismiss this appeal pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Rule 27(d) of the Sixth Circuit Rules, because the order appealed from did not direct entry of a final, appealable judgment under Rule 54(b) of the Federal Rules of Civil Procedure nor is it immediately appealable as a "collateral" order. Berrien County also asks the Court to stay appellate briefing during the pendency of this cross-motion.

### BACKGROUND

On October 7, 2022, Owen Barnaby filed a civil action in the district court. (R. 1, Complaint.) Although he purported to serve some defendants, Barnaby never properly served Berrien County or any of its current or former

1

employees. (R. 91, Order at 1122-24.) Notwithstanding the lack of proper service, Barnaby began filing applications for default and motions for default judgment against Berrien County and other defendants, making such filings on January 3, 2023 and January 4, 2023. (R. 28, Motion; R. 31, Motion; R. 32, Application.) These applications were opposed by Berrien County and other defendants. (<u>See</u> R. 48, Opp. to Motions.)

On February 13, 2023, the District Court dismissed the action for lack of subject matter jurisdiction and entered Judgment in favor of defendants. (R. 67, Order; R. 68, Judgment.) Barnaby appealed the final order to this Court, and on November 17, 2023, this Court affirmed in part and vacated and remanded in part. (R. 73, Order.) The mandate issued on December 11, 2023. (R. 74, Mandate.)

Barnaby then renewed his campaign to seek default judgment from all defendants, filing applications for entry of default and/or motions for default judgment on December 12, 2023 (R. 75, Application; R. 77, Application), December 15, 2023 (R. 81, Motion), December 26, 2023 (R. 88, Motion), December 28, 2023 (R. 95, Application), and January 26, 2024 (R. 124, Application), totaling at least nine filings seeking the same relief. All of these applications and motions were opposed by defendants, and were ultimately denied by the lower court.

Barnaby now purports to appeal from the February 1, 2024 district court order which (1) affirmed two magistrate judge's orders which denied the plethora of motions and applications for entry of default judgment made by Barnaby against all named defendants, and (2) denied two additional applications for entry of default filed by Barnaby. (R. 127, Order.)  The Order confirmed that default judgment was not appropriate as to any defendant, because none was in default. (R. 127, Order at 1663.)

In the instant appeal, on February 5, 2024, Barnaby filed an "emergency motion" seeking to stay a number of orders in the lower court pending his appeal before this Court.

## ARGUMENT

This Court should deny Barnaby's motion for a stay and dismiss the appeal for lack of appellate jurisdiction.

First, the district court's February 1, 2024 order did not dispose of any, let alone all, of the claims or parties involved in the action, nor did it direct entry of a final, appealable judgment under Fed. R. Civ. P. 54(b).  Thus, this Court has no jurisdiction under 28 U.S.C. § 1291.

Second, the order is not a "collateral" order that would be immediately appealable under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949).  Indeed, the order was not a final disposition of any issue, because, as

of the date of the order, Barnaby still had the ability to litigate his claims with those defendants who had appeared, and to effect proper service on those defendants who had not yet been served.

Finally, the order is not an interlocutory order that would be appealable under 28 U.S.C. § 1292 because it is does not meet any of the criteria for interlocutory appeals under 1292(a) (appeals involving injunctions, receiverships, or admiralty cases), nor did the district judge authorize an immediate appeal under 1292(b).

The Court should thus dismiss Barnaby's appeal and deny the relief requested by his motion.

## CONCLUSION

Barnaby's appeal should be dismissed for lack of appellate jurisdiction, and his motion for a stay of the district court orders should be denied. Berrien County also respectfully requests that this Court to stay appellate briefing during the pendency of its cross-motion to dismiss.

                Respectfully submitted,

                /s/
                Thaddeus J. Hackworth
                Berrien County Corporate Counsel
                701 Main Street
                St. Joseph, MI 49085
                (269) 983-7111 x8416
                thackworth@berriencounty.org
                Attorney for Berrien County

## CERTIFICATE OF SERVICE

I certify that on February 15, 2024, this motion was filed electronically and a copy was sent to Appellant by regular United States mail, postage prepaid, addressed as follows:

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156

>                     */s/*
> Thaddeus J. Hackworth
> Berrien County Corporate Counsel